IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

MARC BOVET,

        Plaintiff,      Civ. No. 11-3008-PA

                            **ORDER**

    v.

UMPQUA BANK,

        Defendant.

---

**PANNER, J.**

On Friday, January 28, 2011, *pro Se* plaintiff Marc Bovet filed a complaint and a moved for a Temporary Restraining Order. The Ninth Circuit has described the standards for deciding whether to grant a motion for a preliminary injunction:

> To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability

1 - ORDER

of success on the merits decreases. Under either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury.

Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist., 868 F.2d 1085, 1088 (9th Cir. 1989) (citations omitted). The speculative risk of a possible injury is not enough; the threatened harm must be imminent. Caribbean Marine Services Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Fed. R. Civ. Proc. 65(b)(1)(A). The standards for issuing a temporary restraining order are similar to those required for a preliminary injunction. Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F.Supp. 1320, 1323 (N.D. Ca. 1995).

Plaintiff alleges defendant Umpqua Bank already sold one of plaintiff's properties and is in the process of foreclosing on another. Plaintiff does not state when the sale will take place. Plaintiff also requests an order setting aside a January 24, 2011 Judgement of Josephine County Circuit Court. Plaintiff does not attach the state court order or judgment. The state court proceedings appeared to involve many of the same claims involved here.

Plaintiff's main argument appears to be that because the note was sold, it was destroyed and is now a "traded stock" under the jurisdiction of the SEC. In addition to not demonstrating any harm here is imminent, plaintiff has not demonstrated a sufficient probability that he will succeed on the merits.

2 - ORDER

Plaintiff's motion for a Temporary Restraining Order (#2) is DENIED.

IT IS SO ORDERED.

DATED this 2 day of February, 2011.

*/s/ Owen M. Panner*

OWEN M. PANNER
U.S. DISTRICT JUDGE