FILED'11 MAY 18 11:33USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

MARC BOVET,

        Plaintiff,        Civ. No. 11-3008-PA

                                **ORDER**

   v.

UMPQUA BANK,

        Defendant.

---

**PANNER, J.**

On May 17, 2011, I heard oral arguments on cross-motions for summary judgment. Plaintiff's motion for summary judgment (#24) is DENIED. Defendant's motion for summary judgment (#10) is GRANTED.

### BACKGROUND

On October 25, 2007, *pro se* plaintiff Marc Bovet executed a trust deed securing a promissory note regarding a loan plaintiff received from defendant Umpqua Bank. The trust deed secured

1 - ORDER

property located at 165 Hillview Drive in Grants Pass, Oregon (the "Hillview Property"). On August 7, 2008, plaintiff executed another trust deed securing a promissory note regarding a second loan plaintiff received from defendant Umpqua Bank. The second trust deed secured property located at 7304 N. Applegate Road in Grants Pass Oregon ("the "Applegate Property"). Plaintiff defaulted on both loans and defendant initiated non-judicial foreclosure proceedings. On December 9, 2010, the Hillview Property was sold at public auction. In March 2011, the Applegate Property was sold at public auction.

On September 17, 2010, plaintiff filed an action in Josephine County Circuit Court against Umpqua Bank. Plaintiff challenged the foreclosure proceedings for both properties. On January 28, 2011, following oral argument, Judge Thomas M. Hull issued a letter opinion granting Umpqua Bank's motion for summary judgment (and denying plaintiff's own motion for SJ). (Conte Decl., #15-6, Ex. 4.) On January 28, 2011, plaintiff filed the complaint at issue against Umpqua Bank. On February 17, 2011, a general judgment was entered against plaintiff in state court. (Conte Decl., #15-6, Ex. 5.)

## STANDARDS

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue

2  - ORDER

of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

## DISCUSSION

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Because the prior judgment here was issued by an Oregon court, this court looks to Oregon law on claim preclusion.

"The doctrine of claim preclusion, formerly known as res judicata, generally prohibits a party from relitigating the same claim or splitting a claim into multiple actions against the same opponent." Bloomfield v. Weakland, 339 Or. 504, 510, 123 P.3d

3 - ORDER

275, 279 (2005); see also Or. Rev. Stat. § 43.130.  "[A]
plaintiff who has prosecuted one action against a defendant
through to a final judgment binding on the parties is barred on
res judicata grounds from prosecuting another action against the
same defendant where the claim in the second action is one which
is based on the same factual transaction that was at issue in the
first, seeks a remedy additional or alternative to the one sought
earlier, and is of such a nature as could have been joined in the
first action." Rennie v. Freeway Transport, 294 Or. 319, 323,
656 P.2d 919, 921 (1982) (citations omitted).  "Well-settled
principles of claim preclusion 'foreclose[ ] a party that has
litigated a claim against another from further litigation on that
same claim on any ground or theory of relief that the party could
have litigated in the first instance.'" Lincoln Loan Co. v. City
of Portland, 340 Or. 613, 619-20, 136 P.3d 1, 4-5 (2006) (quoting
Bloomfield, 339 Or. at 511, 123 P.3d at 279) (emphasis omitted),
cert. denied, 127 S. Ct. 1333 (2007).

    As noted above, on September 17, 2010, plaintiff filed an
action in state court. Plaintiff challenged the foreclosure
proceedings related to the same two properties at issue here. In
state court, plaintiff sued Umpqua Bank, the same defendant
plaintiff names here. Plaintiff alleged: (1) defendant sold the
note into a securitized trust and therefore no longer held the
note; (2) MERS is not a party in interest and lacked authority to

4  - ORDER

appoint a beneficiary; (3) defendant is not a creditor (and therefore lacks standing) because defendant did not loan plaintiff funds and can show no actual loss; (4) by not responding to plaintiff's qualified written response, defendant lost the right to contest plaintiff's claims;

Plaintiff sought: (1) a declaration that defendant lacked standing to foreclosure; (2) an order or judgment enjoining foreclosure or collection on the loan; (3) removal of all derogatory reporting with credit bureaus and reporting plaintiff's account "settled in full;" (4) return of amounts plaintiff previously paid under the notes; and (5) reconveyance of the deeds to plaintiff.

The day after the state court granted defendant's motion for summary judgment - but before the state court entered judgment against plaintiff - plaintiff filed the complaint at issue here. Plaintiff essentially raises the same claims here as were decided on the merits in the state court. Plaintiff now alleges: (1) defendant had no standing to foreclose as defendant did not hold the note to the properties; (2) defendant violated the Truth In Lending Act by not notifying plaintiff of the sale and transfer of the note; (3) defendant never disclosed certain facts surrounding the nature of the loan; (4) defendant illegally sold the Hillview Property "through illegal fraud causing a sale of the property to be withdrawn which would have satisfied their

5  -  ORDER

debt in full"; (5) defendant falsely testified in state court
that it held the note at issue; and (6) MERS could not assign the
loan at issue.

Here, the state court entered judgment against plaintiff on
the merits of his claims after an oral argument on cross motions
for summary judgment. The claims in state court were based on the
same facts and foreclosure proceedings at issue here. The state
court complaint named the same defendant present here. Plaintiff
either raised, or could have raised, the claims raised here in
the prior state court proceeding.[1] The state court judgment is
final.

Therefore, all of plaintiff's claims are barred by the
doctrine of claim preclusion. Lincoln Loan Co., 340 Or. at 619-
20, 136 P.3d at 4-5; Rennie, 294 Or. at 323; Bloomfield, 339 Or.
at 510, 123 P.3d at 279 (claim preclusion "generally prohibits a
party from relitigating the same claim or splitting a claim into
multiple actions against the same opponent."). Defendant's motion
for summary judgment (#10) is GRANTED.

---

[1]Plaintiff claims he discovered new evidence demonstrating
defendant sold the loan at issue. Plaintiff, however, raised
several theories in state court attempting to demonstrate
defendant was not the holder-in-due-course of the note (due to
prior sale of the note). Plaintiff also argues the state court
ignored plaintiff's federal claims. Judge Hull, however, did not
ignore plaintiff's federal claims. Judge Hull merely pointed out
that plaintiff cited inapplicable federal case law and that
plaintiff improperly cited to the federal rules of civil
procedure. (Conte Decl., #15-6, Ex. 4, 1.)

6  - ORDER

**CONCLUSION**

Defendant's motion for summary judgment (#10) is GRANTED. Plaintiff's motion for summary judgment (#24) is DENIED. Defendant's request for attorney fees is DENIED. All other pending motions are DENIED as moot.

IT IS SO ORDERED.


DATED this __19__ day of May, 2011.


OWEN M. PANNER
U.S. DISTRICT JUDGE

7  -  ORDER